THOMPSON *et al.* v. ALLEN *et al.*, *Appellants.*

**Jurisdiction:** PROCESS : PRACTICE. Where an original petition states a cause of action against individuals, as constituting a co-partnership, and the amended petition states one against a corporation, the latter, before the court can have jurisdiction to render judgment, must be in court on voluntary appearance, or be brought in by service of process, and this is the case, although the firm name was the same as that of the corporation, and the stockholders in the latter composed said firm.

*Appeal from Jasper Circuit Court.*—JAMES R. SHIELDS, ESQ., Special Judge.

REVERSED.

*Harding & Buller* for appellants.

(1) It was error to make the decree against the defendant corporation, without the service of summons, or its appearance to the action. The corporation could not be brought into court by suing its stockholders. Angell & Ames on Corp., secs. 40, 46, 100, 591 ; *Gerard B. Allen Co. v. Frumet, etc.*, 73 Mo. 62. The fact that the name of the corporation was the same as that of the firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law the firm and the corporation are two different persons. (2) The trial court erred in excluding the evidence of Daugherty, offered by defendants, to show the abandonment of the contract by plaintiff's grantors. (3) Plaintiffs were guilty of such laches in enforcing their contract as to bar a decree in their favor. *Moorman v. Talbott*, 55 Mo. 399 ; *Twin Lick Oil Co. v. Marberry*, 94 U. S. 587 ; *Landrum v. Bk.*, 63 Mo. 54 ; *Matlock v. Todd*, 25 Ind. 128 ; *Harwood v. Ry.*, 17 Wall. 78. (4) Plaintiff's amended petition is a total departure from the original cause of action. *Fields v. Malary*, 78 Mo. 172.

*Joseph Cravens* for respondents.

(1) The Carterville Mining and Smelting Company was properly in court. In the case in hand, Allen, McMillin, Davy and Daugherty, are designated first, as a co-partnership, then by amending the petition, they are designated as a corporation, all other facts and allegations, as originally stated and made, remain the same in every particular, and the change of designation did not " substantially change the claim or defence." A corporation may have one name by which it may take and

grant, and another by which it may plead and be impleaded. Angell & Ames on Corp. (10 Ed.) sec. 100; *Beattie v. Hill*, 60 Mo. 72; *House v. Duncan*, 50 Mo. 453. (2) There was, under the evidence, no abandonment of the lot in controversy. *Dowzelot v. Rawlings*, 58 Mo. 75; Greenl. Evid., secs 95, 527; 64 Mo. 245. There was no laches to forfeit the contract.

NORTON, J.—This suit was brought on the sixteenth day of October, 1881, against C. C. Allen, Thomas M. Davy, William McMillin, and W. A. Daugherty, as partners doing business under the firm name of the Carterville Mining and Smelting Company, for the specific performance of a contract alleged to have been made by them on the twelfth day of September, 1876, with the grantors of plaintiffs, for the conveyance of a certain lot in the town of Carterville, Jasper county. A trial was had at the November term of court, 1883, during the progress of which it appeared that the alleged contract was made with a corporation, known as the Carterville Mining and Smelting Company, which company was not a party to the suit. After the evidence on both sides had been put in, clearly showing that the plaintiffs had no right to a judgment against the defendants then before the court, plaintiffs were allowed to file an amended petition, making the Carterville Mining and Smelting Company defendant, and alleging that the said Allen, Davy, Daugherty and McMillin were doing business as a corporation, and that the corporation executed the contract, the specific performance of which was asked for. To this petition, Allen *et al.* demurred, which was overruled, and the court then proceeded without either notice to, or the voluntary appearance of, the Carterville Mining and Smelting Company, to render its decree for specific performance against said company, awarding in its decree two thousand dollars damages for mineral taken from said lot. From this decree defendants have appealed.

The judgment must be reversed, because the Carterville Mining and Smelting Company was not before the court, either by service of summons or voluntary appearance, and the court, therefore, did not have jurisdiction to render judgment against it. The fact that Allen and others were sued as individuals, composing a firm, were the corporators, members and officers of the corporation, did not dispense with the necessity of having the corporation brought into court, either by summons or voluntary appearance. *G. B. Allen & Co. v. Frumet M. & S. Co.*, 73 Mo. 688 ; Angell & Ames on Corp., secs 40, 46, 100, 591. "The fact that the name of the corporation was the same as that of the firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law, the firm and the corporation are two different persons." 73 Mo. 694.

The original petition stated a cause of action against individuals, the amended petition stated a cause of action against a corporation, and for this reason the demurrer of Allen and others ought to have been sustained and the cause regularly proceeded with against the corporation. The evidence of Daugherty, offered on the trial and excluded, tending to show that the contract for the purchase of the lot had been canceled and abandoned, was clearly admissible under the ruling of this court in the cases of *Fulkerson v. Thornton*, 68 Mo. 468, and *Butts v. Phelps*, 79 Mo. 302. Error was also committed in excluding the evidence of Wilson, offered in cross-examination, as to the expensiveness and length of time required in draining and developing the mineral land mentioned in his evidence, and the cost of getting out lead ore. This evidence was admissible as bearing on the question of whether the purchasers of this lot were guilty of such laches as not to authorize specific performance. *Moorman v. Talbott*, 55 Mo. 392 ; 63 Mo. 54.

Judgment reversed and cause remanded. All concur.