[Civ. No. 1631.   Second Appellate District.—November 25, 1915.]

I. N. MILLER, Petitioner, v. THE SUPERIOR COURT OF
RIVERSIDE COUNTY and F. E. DENSMORE, Judge,
Respondents.

ACTION FOR LABOR—PLEADING—PARTIES—AMENDMENT OF TITLE OF AC-
TION—POWER OF COURT.—On an appeal to the superior court, in an
action brought in the justices' court to recover the sum of money
alleged to have been earned by plaintiff for labor performed, the
court has power to allow the plaintiff to amend the title of his
action by changing it from "San Jacinto Packing House, Plaintiff,
*vs.* I. N. Miller, Defendant" to "Arthur S. Holden, doing business
under the name and style of San Jacinto Packing House, Plaintiff,
*vs.* I. N. Miller, Defendant," where it appears by an affirmative
allegation in the complaint that the plaintiff designated as San

Jacinto Packing House was represented in the person of Arthur S. Holden as the owner of the business transacted under that name.

ID.—DESIGNATION OF PLAINTIFF—FICTITIOUS STYLE—IDENTITY OF PARTY —DETERMINATION OF BY COMPLAINT.—While a party to a suit designated in an authorized way under a fictitious style, where the complaint does not disclose his true character, cannot afterwards correct his pleading by amendment, in determining the identity of a party plaintiff, the allegations of the complaint may be looked to as well as the title.

ID.—AMENDMENT OF TITLE—DISCLOSURE OF IDENTITY OF PARTY BY COMPLAINT—RIGHT TO REQUIRE AMENDMENT—RIGHT TO DISMISSAL FOR FAILURE TO AMEND.—In such a case, the contention that, had the cause proceeded to judgment under the title in which it was brought and that judgment had been in plaintiff's favor, such a judgment would be of no value as against the plaintiff designated under the fictitious name, is answered by the fact that, as the complaint discloses the identity of the real party in whose favor the action was being prosecuted, the defendant might have asked the court to require an amendment to be made which would clearly describe the name of the real party in interest; and if the order for the amendment was not complied with, the action might have been dismissed.

APPLICATION for a Writ of Certiorari originally made in the District Court of Appeal for the Second Appellate District to review the action of the Superior Court in allowing a certain amendment to be made in a complaint filed in the Justice's Court and brought to the Superior Court on appeal.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe, for Petitioner.

H. L. Carnahan, and C. W. Benshoof, for Respondents.

THE COURT.—*Certiorari* to secure a review of the action of the superior court in allowing a certain amendment to be made in a complaint filed in the justice's court and brought to the superior court on appeal. The justice court action was entitled "San Jacinto Packing House, Plaintiff, *vs.* I. N. Miller, Defendant," and the suit was to recover a sum of money alleged to have been earned by plaintiff for labor performed. The first paragraph of the complaint contained the following allegation:

"That Arthur S. Holden is transacting business in the county of Riverside, state of California, under the fictitious name of San Jacinto Packing House, and that the said Arthur S. Holden has duly filed with the clerk of the county in which the principal place of business of said San Jacinto Packing House is situated, a certificate, duly acknowledged, stating the name in full and the place of residence of the person transacting business under said fictitious name, and that he has caused said certificate to be published in a newspaper in said county for a period of four successive weeks."

Defendant, after demurring, filed an answer to the complaint and the action proceeding to trial, and judgment followed in favor of the plaintiff. An appeal was then taken and at the trial had in the superior court, and upon application made therefor and against the objection of the defendant, plaintiff was allowed to amend the title of his suit, making it read as follows: "Arthur S. Holden, doing business under the name and style of San Jacinto Packing House, Plaintiff, *vs.* I. N. Miller, Defendant." Defendant offered no testimony, and judgment was again entered in favor of the plaintiff.

Petitioner here insists that it was not within the power of the superior court to allow the amendment to be made in the title of the suit for the reason that the title as originally made designated as plaintiff a thing which had no legal entity, and that therefore the suit should have been viewed as though there was no party designated as plaintiff, in which view, it is contended, no amendment could be permitted to be made which would cure the defect. Extensive quotations are made from a number of decisions, notably that in the case of *Western etc. Co.* v. *Dalton Marble Works,* 122 Ga. 774, [50 S. E. 978]. In that case a summons was issued in the name of Dalton Marble Works, and at the trial an amendment was allowed by which the words "H. P. Colvard, Proprietor." were added to the designation of plaintiff. The Georgia court held that the amendment was improperly allowed and that the motion to dismiss should have been granted "on the ground that it was not alleged that the Dalton Marble Works was a corporation, nor, if it was a partnership, did it appear who were the partners composing the firm, nor was it the name of an individual." In another case where the same ruling was made, it was said: "Pembinaw & Owners is not alleged

to be a corporation or partnership, and is not a party within the meaning of this section." (*Steamboat Pembinaw and Owner* v. *Wilson,* 11 Iowa, 479.) It will be noted that in support of the objections made in the cases referred to, it appeared that the complaints were lacking in allegations showing that the plaintiffs were in fact persons or other legal entities of which the law would take cognizance. In this case it did appear by an affirmative allegation in the complaint that the plaintiff designated as San Jacinto Packing House was represented in the person of Arthur S. Holden as the owner of the business transacted under that name. The complaint disclosed fully the exact character of the plaintiff. If the title and style of the plaintiff as "San Jacinto Packing House" had stood alone, then it might properly be said, as is urged by petitioner, that the name imported no legal entity and it would follow in such case that no amendment could be made in the title to make good that which was fatally deficient in the first instance. We think that in determining whether the amendment should have been allowed, the court was entitled to take into consideration the allegations of the complaint, and if it appeared upon such consideration that the bare title was defective in not describing the plaintiff sufficiently, an order might properly be made permitting the additional words of description to be inserted. Here the defendant could not have been misled as to the true character of the party suing, for he was plainly told by the allegations of the complaint that that party was Arthur S. Holden, who was doing business under the name of the San Jacinto Packing House. We have no criticism to make of the law as stated by petitioner, to wit: that a party to a suit designated in an authorized way under a fictitious style where the complaint does not disclose his true character, cannot afterwards correct his pleading by amendment. We do hold, however, that in determining the identity of a party plaintiff, the allegations of the complaint may be looked to as well as the title. Petitioner suggests that had the cause proceeded to judgment under the title in which it was brought and that judgment had been in his favor, such a judgment would be of no value as against the plaintiff designated under the fictitious name. The answer to this contention is that, as the complaint disclosed the identity of the real party in whose favor the action was being prosecuted, the petitioner might have asked the

court to require an amendment to be made which would clearly describe the name of the real party in interest. If the order for amendment was not complied with, the action might have been dismissed.

From these conclusions it follows that the application for the writ should be denied, and it is so ordered.