STATE OF MISSOURI, Defendant in Error, v. HUGH NORMAN HARRISON, Plaintiff in Error, No. 41341—223 S. W. (2d) 476.

Division One, October 10, 1949.

*Hugh N. Harrison* for plaintiff in error, per se.

794

*J. E. Taylor,* Attorney General, and *Lawrence L. Bradley,* Assistant Attorney General, for defendant in error.

DOUGLAS, J.—Defendant was convicted of second degree burglary and of larceny. Because of a previous conviction he was punished under the habitual criminal act. In compliance with that act he was given the maximum penalty on each charge, ten years imprisonment for burglary, and five years for larceny.

In this review he raises no question about his conviction for burglary and larceny, but complains only about being charged and found guilty of a previous conviction. He claims he was not properly charged, tried or convicted as a second offender.

The habitual criminal act, Section 4854, R. S. 1939, Mo. RSA, provides that if a person has been convicted of an offense punishable by imprisonment in the penitentiary, and has been discharged either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of an offense committed after such pardon or discharge, he shall receive the maximum punishment fixed for such subsequent offense, up to life imprisonment.

Construing this act, we have pointed out that the following elements are necessary in order to bring a criminal prosecution within its terms. The information or indictment must allege and the proof must show the former conviction of the defendant, his discharge from the judgment of conviction by pardon or compliance with the sentence, and the offense charged therein was committed after the defendant was discharged from his previous sentence. State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760; State v. Hamilton, 340 Mo. 768, 102 S. W. (2d) 642.

The information in this case specifically charged that defendant on the 31st day of October, 1931, was convicted of the crime of robbery; was sentenced to confinement in the penitentiary for 25 years; defendant was discharged upon compliance with his sentence; and that thereafter, on the 25th day of January, 1948, he committed the burglary and larceny.

A reading of the allegations of the information clearly shows it follows the requirement of the statute that the subsequent offense must be charged as being committed after the defendant had been

discharged from the previous conviction. The fact the information failed to state the date on which defendant was discharged from his previous conviction does not affect its validity. It was sufficient to charge in the information that the second offense was committed after or subsequent to such discharge.

Defendant argues the information must allege in particularity that he was actually imprisoned in the penitentiary upon his previous conviction, and served time there until discharged upon compliance with his sentence. But the statute does not impose such a requirement that the information shall specifically allege imprisonment, nor is such a charge or proof thereof necessary for the application of the act. The act makes the previous conviction and a discharge therefrom the basis for the added punishment imposed by its terms. It does not specifically require incarceration in the penitentiary but only that the defendant has been discharged from his conviction. This must be so because the act applies where a defendant is discharged from his conviction by pardon. A discharge by pardon could occur without any confinement in the penitentiary. And we have held the act applied where there was imprisonment in a city workhouse under a conviction of an offense punishable by imprisonment in the penitentiary. We said of the act: ''Had the framers of this section intended that it should apply only to persons who have been punished, for a previous offense, by imprisonment in the penitentiary, undoubtedly they would have said so.'' State v. Marshall, 326 Mo. 1141, 34 S. W. (2d) 29. And see State v. Hacker (Mo. Sup.), 214 S. W. (2d) 413. ''Where not required by statute, it need not be shown that accused was imprisoned, or that he served his sentence; . . .'' 24 CJS, Criminal Law, § 1960 g.

We hold the information in this case complied with the requirement of the habitual criminal act in alleging the offenses charged were committed after defendant's discharge from his previous conviction, and was in proper form. Since the form of the verdict followed the allegations of the information it was likewise in proper form and valid. The jury found the essential elements required by the act as it was required to do. State v. Bresse, 326 Mo. 885, 33 S. W. (2d) 919.

Defendant makes the same complaint about the instructions. He says they also did not require a specific finding that the offenses charged were committed after he was discharged from his previous conviction. However, that point is not properly before us for appellate review.

Defendant has brought to this court the record proper only, no bill of exceptions has been filed here. Instructions do not constitute a part of the record proper. State v. Highley (Mo. Sup.), 102 S. W. (2d) 563. Ordinarily, instructions are presented for review by a bill of exceptions. However, in this case the defendant has attempted

to submit the instructions to us by filing copies of them. But that is not sufficient ▮▮▮ to invoke their review in the absence of a bill of exceptions showing that defendant excepted to the instructions at the trial, and preserved his exceptions for appellate review. The rule is settled that errors in instructions in criminal cases are not preserved for appellate review unless the record shows the defendant has made objections and has saved his exceptions to the giving of the instructions. State v. Herring (Mo. Sup.) 92 S. W. (2d) 132. This rule applying to criminal cases has not been affected by the change brought about by the new code of civil procedure which is applicable to civil actions only. State v. Stroemple, 355 Mo. 1147, 199 S. W. (2d) 913.

For another reason we may not review the instructions filed here by defendant. The record shows that defendant did not file in the trial court a motion for new trial. The record states: ". . . comes the defendant in person and by counsel, and defendant withdraws his right to file motion for new trial and asks the court to forthwith render judgment and sentence in accordance with the verdict." We may not review instructions in criminal cases unless the objections to them have been preserved in a motion for new trial. State v. Foster, 355 Mo. 577, 197 S. W. (2d) 313. Since there was no motion for new trial filed in this case we may not for that additional reason now consider objections to the instructions.

Finding no error in the record properly before us, we conclude the judgment must be affirmed.

The judgment is *affirmed*. All concur.