251 S.W.2d 675 (1952)
STATE
v.
FOSTER.
No. 42942.
Supreme Court of Missouri, Division No. 1.
October 13, 1952.
*676 J. E. Taylor, Atty. Gen., Richard F. Thompson, Asst. Atty. Gen., for respondent.
No attorney and no brief for appellant.
DALTON, Judge.
Defendant was charged and convicted of grand larceny under the Habitual Criminal Act and his punishment assessed at five years imprisonment in the state penitentiary. See Sections 560.155, 556.280 and 560.160 RSMo 1949, V.A.M.S. (all references are to the RSMo 1949, V.A.M.S., unless otherwise stated). He has appealed.
No bill of exceptions, brief or assignment of errors has been filed in this court on behalf of appellant. Our review is limited to the record proper, but it is our duty to review that record, determine its sufficiency and render judgment. Sec. 547.270; State v. Horn, 336 Mo. 524, 79 S.W.2d 1044; State v. Bearden, Mo.Sup., 245 S.W.2d 838.
The amended information, as filed in the circuit court of the city of St. Louis and upon which appellant was tried and convicted, charged the prior conviction of a felony, to wit, the offense of operating and running a motor vehicle without the consent of the owner; that he was sentenced to imprisonment and was imprisoned in accordance with said sentence and was discharged upon lawful compliance with said sentence, see Sections 560.175, 560.180 and 556.280; and, that, thereafter, he committed a felony, to wit, grand larceny (charged in the usual and approved form) of "ten bolts of cloth of various lengths and styles of the combined total value of four hundred dollars; all the goods, chattels and personal property of New Fashion Tayloring Company, a corporation."
On formal arraignment appellant entered a plea of not guilty. The cause was tried to a jury and the jury returned a verdict as follows:
State of Missouri
vs.
Dee Foster
On amended Information
for One Prior
Conviction and Grand
Larceny
"We, the Jury in the above entitled cause, find the defendant `Guilty of Grand Larceny and one prior conviction of a felony' and assess the punishment at imprisonment in the penitentiary for Five (5) Years."
A motion for a new trial was filed and overruled, allocution was granted, judgement was entered and sentence pronounced. An appeal was duly granted to this court and a certified copy of the record proper *677 was subsequently filed with the clerk of this court.
The amended information is in due form and properly charged appellant with the crime of grand larceny and with the prior conviction of a felony for which felony it was alleged that he had been sentenced, imprisoned and discharged upon compliance with such sentence. Sections 560.155, 560.175, 560.180 and 556.280(2). The facts set forth in the amended information were sufficient to bring the prosecution within the provisions of the Habitual Criminal Act, State v. Harrison, 359 Mo. 793, 223 S.W.2d 476; State v. Murphy, 345 Mo. 358, 133 S.W.2d 398, and to further charge all of the essential elements of the crime of grand larceny. State v. Darby, Mo.Sup., 165 S.W.2d 419; State v. Vinson, 337 Mo. 1023, 87 S.W.2d 637, 638. The Habitual Criminal Act does not create a separate offense, but only prescribes greater punishment for a subsequent offense. State v. Humphrey, 357 Mo. 824, 210 S.W.2d 1002, 1005. The fact that the punishment assessed for the prior felony was imprisonment in the city workhouse of the city of St. Louis, rather than in the state penitentiary, does not prevent prosecution under the Habitual Criminal Act in case of a subsequent felony. State v. Harrison, supra, 359 Mo. 793, 223 S.W.2d 476, 478; State v. Marshall, 326 Mo. 1141, 34 S.W.2d 29, 31.
By their verdict the jury found defendant guilty of both grand larceny and one prior conviction of a felony. The finding met the requirement of Section 556.280(2) and the term imposed was the maximum punishment and within the limits fixed by Section 560.160(2). The verdict is in approved form. State v. Ortell, Mo. Sup., 50 S.W.2d 1037; State v. Humphrey, supra.
The record shows that, after appellant's motion for a new trial had been filed, considered and overruled, the appellant appeared personally in open court with his attorney and was informed by the court that he had been found guilty by the jury of the felony charged in the amended information. Inquiry was then made of appellant if he had any legal cause why judgment should not be pronounced against him according to law. No such cause being shown, the court rendered judgment and pronounced sentence in accordance with the terms of the verdict.
The judgment, as entered, is in approved form and shows full compliance with the statutes. Sections 546.550, 546.560 and 546.570. No reversible error appears from the record presented for review.
The judgment is affirmed.
All concur.