[Civ. No. 21325. Second Dist., Div. Three. Jan. 10, 1956.]

GEORGE J. THOMPSON et al., Appellants, v. PALMER CORPORATION (a Corporation) et al., Defendants; BOB 'N DEL (a Corporation), Respondent.

388

N. E. Youngblood and Marvin Gross for Appellants.

Belcher, Kearney & Fargo and William F. Clements for Respondent.

VALLÉE, J.—Appeal by plaintiffs from a judgment of dismissal entered after the court, at a pretrial hearing, sustained the objection of "Bob 'N Del, a corporation," to the introduction of any evidence against it. The objection was sustained on the ground the action as against the corporation was barred by the statute of limitations at the time it was assertedly made a party defendant.

The action is for damages for personal injuries alleged to have been sustained by plaintiff Laura Lee Thompson on November 5, 1952, and for damages for loss of services by plaintiff George J. Thompson.

The complaint was filed May 15, 1953. In the caption it named "R. C. Tucker, Jr., D. D. Rohrbaugh, R. C. Tucker, Sr., David Ritchie and Jack Alber, doing business as Bob 'N Del," as defendants. Palmer Corporation, a corporation, and various Does were also named as defendants. The complaint alleged that the named individuals "are and at all times hereinafter mentioned have been associated together as general partners and doing business under the fictitious name and style Bob 'N Del," and that they had complied with

Civil Code, sections 2466 and 2468. It averred that the defendants, and each of them, "have been engaged in the ownership, operation, maintenance and control of that certain gasoline service station and all appurtenances thereto" in Los Angeles to which the general public, including plaintiff, was invited; a dangerous, defective, and unsafe condition existed on the premises which was well known or should have been known to defendants; as a proximate result of the condition plaintiff Laura Lee Thompson, a business invitee, was injured. Summons was served on Ritchie and Alber on May 20, 1953. and on Rohrbaugh on May 21, 1953 They filed a joint answer on June 17, 1953, in which they denied the averments to which reference has been made.

On August 26, 1954, plaintiffs filed a notice of motion for leave to amend the summons and complaint."for the purpose of alleging the corporate existence and capacity of the defend-ant, BOB 'N DEL, a California corporation, and to allege the relationship between R. C. TUCKER, JR., D. D. ROHRBAUGH and R. C. TUCKER, SR. to the BOB 'N DEL corporation." The ground of the motion was that "said defendant, BOB 'N DEL, is already a defendant in this matter, but was erroneously designated as a co-partnership." Without notice to "Bob 'N Del, a corporation," the motion was made and heard on September 10, 1954, and was granted.

Pursuant to the order granting the motion, plaintiffs on September 15, 1954, filed an amended complaint which named "Bob 'N Del, a corporation," as a defendant. It will be observed that September 15, 1954, was more than one year after the date of the accident. In the amended complaint R. C. Tucker, Jr., D. D. Rohrbaugh, R. C. Tucker, Sr., David Ritchie, and Jack Alber were named as individual defendants. not as "doing business as BOB 'N DEL." The amended complaint alleged that "Bob 'N Del" is a California corporation and that at the time of the accident defendants, and each of them, were engaged in the ownership, operation, maintenance, and control of the service station. The other averments of the amended complaint were identical with those of the original complaint except it was averred that "the defendants, R. C. TUCKER, JR., D. D. ROHRBAUGH and R. C. TUCKER, SR., in furtherance of a preconceived plan to deceive and fraudulently hinder creditors holding just claims, did form the defendant corporation 'BOB 'N DEL,' in order that said defendants R. C. TUCKER, JR., D. D. ROHRBAUGH and R .C. TUCKER, SR., might conduct their business affairs through and in the

name of 'BOB 'N DEL'" and on information and belief that "defendants R. C. TUCKER, JR., D. D. ROHRBAUGH and R. C. TUCKER, SR., own all the corporate stock of the defendant corporation BOB 'N DEL."

"Bob 'N Del," saying "purportedly a defendant herein," answered the amended complaint. It admitted it was a California corporation, and admitted that on the date of the accident it was lessee of the service station and engaged in operating it. It affirmatively alleged that "any cause of action attempted to be stated against Bob 'N Del, a corporation," in the amended complaint was barred by section 340, subdivision 3, of the Code of Civil Procedure.

A pretrial hearing was had on February 15, 1955, at which counsel for "Bob 'N Del, a corporation," objected to the introduction of any evidence against it on the ground that any cause of action alleged against it was barred by the statute. The objection was sustained. Thereafter a judgment was entered dismissing the action as to "Bob 'N Del, a corporation," from which plaintiffs appeal.

Plaintiffs assert that the action is not barred as against "Bob 'N Del, a corporation"; that the amended complaint merely corrected a misnomer of a party named in the original complaint and did not bring in a new defendant. "Bob 'N Del, a corporation," says it was not made a purported defendant in this action until more than 22 months following the accident and, therefore, any cause of action against it is barred by the statute of limitations.

Section 473 of the Code of Civil Procedure provides that the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading by adding the name of any party, or by correcting a mistake in the name of a party. ■ Whether an amendment of a pleading will be allowed to change the description or characterization from an individual, a partnership or other association, after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties. In the former case an amendment will be allowed; in the latter, it will not be allowed. (See cases collected 121 A.L.R. 1325.[1])

---

[1]Illustrations are: *Thompson* v. *Southern Pac. Co.*, 180 Cal. 730 [183 P. 153] (Southern Pacific Railroad Company, as defendant, changed to Southern Pacific Company, a separate and distinct corporation, after statute of limitations had run); *Nisbet* v. *Clio Min. Co.*, 2 Cal.App. 436

■ Decision in the case at bar is controlled by the reasoning of *Craig* v. *San Fernando Furniture Co.*, 89 Cal.App. 167 [264 P. 784]. That was an action for damages for personal injuries. The accident occurred on July 7, 1925. The complaint was filed June 18, 1926. The pertinent facts are stated in the opinion (p. 169): "In the title of the original complaint the defendants were designated as 'San Fernando Furniture Company, a corporation, and Ira E. Stewart.' In the first paragraph of the original complaint the pleader alleged that the San Fernando Furniture Company was and is a corporation organized under the laws of the state of California, and that at all times mentioned in the complaint the defendant Ira E. Stewart was an employee of the San Fernando Furniture Company. On December 17, 1926, prior to the filing of any pleadings by the defendants, the plaintiff filed an amended complaint and served a copy of the same on" a firm of attorneys who receipted for the same as attorneys for defendants. "The title in the amended complaint reads as follows: '*Mary J. Craig, Plaintiff,* v. *San Fernando Furniture Company, Alex Cohen, Louis Cohen and Morris Cohen, copartners doing business under the firm name and style of San Fernando Furniture Company, and Ira E. Stewart, Defendants.*'" The first paragraph of the amended complaint was changed to allege that the defendant San Fernando Furniture Company was a partnership and that Alex Cohen, Louis Cohen, and Morris Cohen were doing business under that

---

[83 P. 1077] (Clio Mining and Milling Company, as defendant, changed to Clio Mining Company, a separate and distinct corporation); *Miller* v. *Superior Court*, 26 Cal.App. 41, 44 [146 P. 72] (San Jacinto Packing House, as plaintiff, changed to Arthur S. Holden, doing business under the name and style of San Jacinto Packing House, where complaint alleged that San Jacinto Packing House was represented·in the person of Arthur S. Holden as the owner of the business transacted under that name); *Cox* v. *San Joaquin Light etc. Co.*, 33 Cal.App. 522 [166 P 578], *W. H. Marston Co.* v. *Kochritz*, 80 Cal.App. 352 [251 P. 959], and *Reardon* v. *Balaklala Consol. Copper Co.* (9 Cir.), 193 F. 189, cited with approval in many California decisions (an individual heir, as plaintiff. changed to personal representative after statute of limitations had run); *Marton* v. *Jones*, 44 Cal.App. 299, 300 [186 P. 410] (Mary Neff, as plaintiff, changed to Mary Marton); *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118, 121 [297 P. 940] (Pickwick Corporation, as defendant. changed to Pickwick Stages System, a separate corporation); *Alvez* v. *Toprahanian*, 39 Cal.App.2d 126 [102 P.2d 566] (guardian of minors as plaintiff, changed to minors by their guardian); *Kimball & A. Mfg. Co.* v. *Vroman*, 35 Mich. 310 [24 Am.Rep. 558], *Emeny* v. *Farmers' Elevator Co.*, 194 Iowa 282 [189 N.W. 720, 723] (defendant, described as an unincorporated association or partnership, changed to a corporation of same name).

name.[2] The trial court granted motions of the defendants other than Stewart to dismiss. On review the question was whether the plaintiff in amending changed the parties defendant. The court first held (p. 172) ''that in changing the designation of the San Fernando Furniture Company from that of a corporation to that of a copartnership, there was no change in the defendant entity 'San Fernando Furniture Company.' '' It then stated (p. 174):

''Coming now to the question as to whether or not new and additional defendants were named in the amended complaint by the adding of the names, Alex Cohen, Louis Cohen, and Morris Cohen, as copartners, doing business under the firm name and style of San Fernando Furniture Company, a somewhat different situation arises. There seems some logic in appellant's contention that, having sued the group of men in their common name under which they did business, there were in fact no new defendants added in her amended complaint when she set forth specifically the names of the individuals constituting the group, and in support of this contention appellant particularly urges a consideration of section 388 of the Code of Civil Procedure, which reads as follows: 'When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party

---

[2]The first paragraph of the amended complaint read: ''That at all times mentioned herein the defendant San Fernando Furniture Company was and now is a co-partnership; that Alex Cohen, Louis Cohen and Morris Cohen are the names of the persons comprising said co-partnership, and that said Alex Cohen, Louis Cohen and Morris Cohen now are and at all times mentioned herein were associated together in the retail furniture business in the City of Los Angeles, California, transacting such business under the firm name and style of San Fernando Furniture Company; that said associates Alex Cohen, Louis Cohen and Morris Cohen are sued herein under said firm name and style of San Fernando Furniture Company pursuant to Section 388 of the Code of Civil Procedure of the State of California.

''That at all times mentioned herein the defendant Ira E. Stewart was the employee of said San Fernando Furniture Company, a co-partnership, and of Alex Cohen, Louis Cohen and Morris Cohen, doing business under the firm name of San Fernando Furniture Company and that said Ira E. Stewart at all times mentioned herein was acting as a driver of the automobile truck belonging to said San Fernando Furniture Company and to said Alex Cohen, Louis Cohen and Morris Cohen, doing business under said common name.''

or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability.' However, the theory of appellant was given full consideration by the court of appeal in the case of *John Bollman Co.* v. *S. Bachman & Co.*, 16 Cal.App. 589 [117 P. 690, 122 P. 835]. . . . There is considerable authority to support the proposition that where a firm is doing business under a common name, whether it be a partnership or other association of persons, the group relation as designated by the common name constitutes a separate legal entity from that of the individuals who form the group. This view is supported in the case of *Billings* v. *Finn*, 55 Cal.App. 134 [202 P. 938], where the court, in discussing the nature of a judgment rendered in a case wherein the defendants were sued in their individual names, but characterized as copartners and doing business under a firm name, says: 'In such a case the action is against the persons or individuals named and not against the business, although such names are followed by the description "partners doing business under" a designated firm name; and conversely, where the declaration or complaint is in terms against the firm, the addition of the averment that such firm consists of certain named persons does not render such persons parties individually, but the action is against the firm, such additional averments being considered mere *descriptio personae.*' In the case of *Artana* v. *San Jose Scavenger Co.*, *supra*, [181 Cal. 627 (185 P. 850)] the court gave support to the same view. There the action was brought against the 'San Jose Scavenger Company' as defendant. One Peter Devincenzi appeared and filed a demurrer designating himself as the defendant and as sued under the name of San Jose Scavenger Company. The demurrer appeared to be on behalf of himself as an individual. In discussing the question arising on appeal from the judgment, Chief Justice Angellotti makes this statement: 'It did not purport to be the demurrer of any party to the action, for the only party defendant was the San Jose Scavenger Company, a partnership, [sic] which, for the purposes of the statute (Code Civ. Proc., § 388) is regarded as a legal entity distinct from its members. Although, by virtue of the amendment of the section in 1907, the judgment in an action so brought binds not only the joint property of the associates but also the individual property of the party or parties served with process, it is still true that the action contemplated by the section is one against the associates as such to enforce a claim existing against the association, and

is not an action against the individual members of the association; that is, unless they are, as individuals, made parties thereto. The association, whether it be a copartnership or other association of individuals transacting business under a common name, is, for the purposes of the section, a legal entity distinct from its members, and it is this legal entity which is in this action the sole party defendant. . . .

"We are therefore led to the conclusion that the adding of the names, Alex Cohen, Louis Cohen, and Morris Cohen, in the amended complaint was an attempt to bring in new defendants, and inasmuch as the statute of limitations had run, plaintiff could not maintain an action against them as individuals. Hence, the judgment of dismissal as against the defendants Alex Cohen, Louis Cohen, and Morris Cohen, and the orders of the court in sustaining the demurrer and granting the motion to strike, of said individual defendants were properly made."

*Steiner Bros.* v. *Stewart,* 134 Ala. 568 [33 So. 343], was a suit against "Sig Steiner and Bernard Steiner, doing business as Steiner Bros., and Alex Dallas." Dallas was dropped as a party defendant. The court held that the complaint could not be amended, the effect of which would have been to eliminate as parties defendant Sig and Bernard Steiner, doing business as Steiner Bros., and to substitute in their stead as a party Steiner Bros., a corporation, saying (33 So. 343):

"The suit was clearly one against the two Steiners as individuals, and not against Steiner Bros., a partnership, if it be conceded that the averment sufficiently shows that Sig and Bernard Steiner were partners doing business under that firm name. [Citations.] We have, then, to deal with an amendment that eliminates the only two parties defendant, and inserts in their place an entirely different party, a corporation. It is clear this cannot be done; for the words after the names 'Sig Steiner and Bernard Steiner,' the only parties sued, to wit, 'doing business as Steiner Bros.,' were merely descriptio personae of Sig and Bernard Steiner, and therefore not material. The effect of the amendment was, as we have said, to strike out the only parties sued, and leave the description,—the immaterial part,—and to add an entirely new party defendant." (See also *Thompson* v. *Allen,* 86 Mo. 85.)

*Daiprai* v. *Moberly Fuel & Transfer Co.,* 359 Mo. 789 [223 S.W.2d 474], was brought one day short of the running

of the statute of limitations against A. M. Bradley, Joe Donatti, and Edwin W. Carter as copartners doing business as Moberly Fuel & Transfer Company. More than a year later, and after the statute of limitations had run, the plaintiff filed an amended petition which omitted all references to the individuals sued as partners in the original petition and alleged "Moberly Fuel & Transfer Company" to be a corporation. At the time of the filing of the original petition the three named parties who were joined as partners owned the corporation that was subsequently sued, and the same three parties owned the corporation at the time of the filing of the purported amended petition. On motion of the corporation the action was dismissed. The Supreme Court of Missouri held (223 S.W.2d 476):

"The question presented is whether the amendment was permissible in the discretion of the court after the statute of limitations had become a bar to a new action. Plaintiff contends the amendment merely corrected a misnomer 'by changing the description of the party defendant from that of a copartnership to a corporation.' Amendments correcting misnomers, even after the running of the statute of limitations, are almost universally upheld. However, we are constrained to hold that the facts here involved do not present that sort of situation, nor call for the application of that rule. ' "The fact that the name of the corporation was the same as that of the [partnership] firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law, the firm and the corporation are two different persons." [*Allen* v. *Frument Mining & Smelting Co.*], 73 Mo. [688], 694.' *Thompson* v. *Allen*, 86 Mo. 85, 88. We think it is plain that there was a substitution of a new party defendant (the corporation) for and in the place of the individuals originally sued. Where the amendment is deemed a substitution or entire change of parties, it will not be allowed. 39 Am.Jur., Parties, § 126. In one of the latest Missouri cases involving this question, *Haney* v. *Thomson*, 339 Mo. 505 [98 S.W.2d 639, 641], the court in banc thus stated the applicable rule: 'The general rule is well settled that, where new parties are brought in by amendment, and by process issued thereon, the statute of limitations continues to run in their favor until thus made parties.' "

The annotator in 8 A.L.R.2d 166, § 81, states the applicable rule:

" [W]here an action is brought against a corporation where-

as it should have been brought against a partnership, or vice versa, an amendment substituting the proper party defendant after the statute of limitations has run is generally held to be vulnerable to a plea of the statute. And the same rule applies in the case of the substitution of individuals as defendants for the partnership or corporation, or vice versa.'' Citing numerous decisions including *Craig* v. *San Fernando Furniture Co., supra,* 89 Cal.App. 167.

In the present case ''Bob 'N Del'' was not designated as a party defendant in the original complaint. It was not designated as a partnership, as urged by plaintiffs. If it had been designated as a party defendant and had been described as a partnership, we would have a different question. The original complaint designated R. C. Tucker, Jr., D. D. Rohrbaugh, R. C. Tucker, Sr., David Ritchie, and Jack Alber as individuals doing business as Bob 'N Del. There was no misnomer or mistake in the name of a party. The only misdescription or mischaracterization was in describing the individuals as ''doing business as BOB 'N DEL.'' The same misdescription was made in the body of the original complaint with the additional averment that the individuals were associated as general partners doing business under the name ''Bob 'N Del.'' The words ''doing business as BOB 'N DEL'' and the averment that the individuals were associated as general partners doing business under the name ''Bob 'N Del'' were merely *descriptio personae.* This is emphasized by the fact that these individuals were designated as defendants in the amended complaint, the phrase ''doing business as BOB 'N DEL'' being omitted. This is not a case where descriptive words were eliminated by amendment and other descriptive words substituted. It is simply a case of the addition of a new party defendant after the statute of limitations had run as to it. ''Bob 'N Del, a corporation,'' was a stranger to the action until the filing of the amended complaint.

The filing of the original complaint stopped the running of the statute of limitations only as to those who were parties defendant at the time it was filed; it did not stop the running of the statute in favor of ''Bob 'N Del, a corporation.'' The filing of the amended complaint was the commencement of a new action as to ''Bob 'N Del, a corporation,'' and it was barred by the statute.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.