**STATE of Missouri, Respondent,**

**v.**

**Harold HAGERMAN, Appellant.**

**No. 49776.**

Supreme Court of Missouri.

Division No. 2.

Oct. 12, 1964.

Thomas F. Eagleton, Atty. Gen., Louis C. DeFeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

John O. Hichew, St. Louis, for appellant.

BARRETT, Commissioner.

Several years ago Harold Lee Hagerman was found guilty of an assault with malice with intent to rob (V.A.M.S. § 559.-180), in addition two prior felony convictions were alleged and found (Sections 556.280–556.290 RSMo 1959, V.A.M.S.) and a jury fixed his punishment "at imprisonment in the penitentiary for the rest of his natural life." In September ·1962, proceeding under Supreme Court Rule 27.26, Hagerman filed a motion to vacate the life sentence imposed in 1950. The court in which he had been convicted found that his motion to vacate the judgment "fails to state a claim entitling movant to the relief sought therein" and, therefore, summarily denied the motion. Hagerman has appealed from the denial of his motion, and experienced and respected court appointed counsel has filed a brief on his behalf.

The motion to vacate is not directed to the substantive offense with which Hagerman was charged, an armed assault with intent to rob, but is directed to the allegation and finding of prior felony convictions under the so-called habitual criminal act as it then existed and was applied. In addition to the principal offense of an assault with malice the information charged three prior felony convictions, two in Arkansas and one in the United States District Court of Minnesota. The first point made by the motion is that the information was defective and therefore the sentence was in violation of the constitution and laws of Missouri. In essence the complaints are that the information did not allege the dates of his incarceration, particularly the time served in that the date of discharge is omitted. It is urged that the language "duly imprisoned" and similar language, together with the dates of the convictions, is insufficient and therefore it is said that the information was "fatally defective." It is contended that these alleged deficiencies bring this appeal within State v. Franck, Mo., 260 S.W.2d 52; State v. St. Clair, Mo., 261 S.W.2d 75 and particularly the recent case of State v. Bryant, Mo., 375 S.W.2d 107.

It is not necessary here to analyze and distinguish those cases in detail, in this case as to the two Arkansas convictions (and they alone were sufficient), unlike the informations involved in those cases, it was alleged "that said two convictions and sentences thereon (3 years imprisonment in each case), as aforesaid, were in separate cases and were imposed to run concurrently and the imprisonment of Harold Hagerman * * * on both of said sentences were served concurrently; and that the said

Harold Hagerman * * * was duly discharged from said Penitentiary of the State of Arkansas *after and upon lawful compliance of said sentence.*" (Emphasis supplied). Thus unlike the informations relied on by the appellant, this information, in the language of the statute alleged a discharge "upon compliance with the sentence" (Section 556.280 RSMo 1959 V.A. M.S.) and therefore is not fatally defective. State v. Smith, Mo., 324 S.W.2d 707 (a life sentence for robbery with prior felony convictions); State v. Harrison, 359 Mo. 793, 223 S.W.2d 476; State v. Whipkey, 358 Mo. 563, 215 S.W.2d 492.

██ The second complaint is that the sentence imposed on the appellant under the habitual criminal act was in excess of the court's jurisdiction and void "because the state did not establish that defendant had been previously convicted of a felony." In connection with this point the court is urged to take judicial notice (State v. King, Mo., 380 S.W.2d 370) of the records in the principal case, State v. Hagerman, Mo., 244 S.W.2d 49. By taking judicial notice it is urged that as in State v. Hill, Mo., 371 S.W.2d 278, there was no proof of his prior conviction. In addition to its analogy it is said that the records here are comparable to those in State v. Young, Mo., 366 S.W.2d 386, and establish the invalidity of the Arkansas convictions. In large part this particular point is directed to the admissibility and sufficiency of the evidence as to his identity as the person described in the Arkansas records, matters not open to argument upon a motion to vacate sentence under rule 27.26. State v. Mallory, Mo., 349 S.W.2d 916. As further demonstrating that these are not open questions in this proceeding, these and related contentions were made upon his appeal in 1951. And what was there said is sufficient to dispose of his claim of lack of identity: "The authenticated records contain an accurate description of the person as to age, weight, height, color of hair and eyes, nativity and occupation. The record recites that his father is dead and that his mother is 'Florence Hagerman of Janesville, Minnesota.' His mother, Florence Hagerman of Janesville, Minnesota, appeared as a witness on his behalf and testified in this case. The identity of names and the attendant circumstances were sufficient under this record to identify the appellant as the convicted felon described in the Arkansas records within the requirements of the Habitual Criminal Act." State v. Hagerman, 244 S.W.2d l. c. 54. And if judicial notice admits of the court's examining its other records, Hagerman's 1950 appeal of a burglary and larceny conviction should forever put to rest the authenticity and validity of the Arkansas convictions: "Furthermore, defendant took the stand and, on both direct and cross-examination, voluntarily testified as to these three (there he included the Minnesota conviction) specific convictions and as to serving the sentences in the two penitentiaries. Defendant admitted the facts contained in the certified copies and thus waived any objections to their admission in evidence." State v. Hagerman, 361 Mo. 994, 998, 238 S.W.2d 327, 330.

For the indicated reasons the motion to vacate sentence and judgment is without merit and fails to state a claim entitling appellant to relief and the judgment is therefore affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.