**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Respondent,**

**v.**

**John M. PARKER et al., Floyd Keller and Mary Keller, Appellants.**

**No. 50433.**

Supreme Court of Missouri, Division No. 2.

Jan. 11, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied March 8, 1965.

Robert L. Hyder, Earl H. Schrader, Jr., Tom J. Helms, Kansas City, for respondent.

Randolph & Randolph, by Lewis F. Randolph, Jr., O. R. Newcomer, St. Joseph, for appellants.

PRITCHARD, Commissioner.

This is a highway condemnation action. One question presented, the answer to which will determine this appeal, is whether plaintiff condemnor was entitled to an instruction to the jury upon special benefits claimed to have accrued to defendants condemnees (Floyd and Mary Keller) by reason of an increased "funnelling" of traffic by their place of business on the pre-existing "Belt" road (old U. S. Highway 71 in the south part of St. Joseph, Missouri) from the newly constructed, limited access U. S. Highway No. 36.

The Commissioners appointed by the court awarded condemnees $5,800. Plaintiff excepted and trial was had to a jury which resulted in a verdict for plaintiff. Condemnees appeal from the judgment of no damages to them and that plaintiff recover of them the $5,800 deposited with the Clerk of the Court. The evidence of damages ranged from $500 to $20,000, and this court has appellate jurisdiction. State ex rel. Kansas City Power & Light Company v. Salmark Home Builders, Inc., Mo., 375 S.W.2d 92, 94 [1].

The evidence relating to the here questioned issue of special benefits to condemnees' property is as follows: U. S. Highway No. 36 in St. Joseph, Buchanan County, Missouri, was planned to extend from the Missouri River Bridge easterly to intersect with north-south Interstate Route 29 at the eastern part of St. Joseph. New U. S. Highway No. 36 was to be constructed of two pavements, each 24 feet wide and separated by a median to form a divided highway. The intersecting "Belt" road was to be widened four feet on either side from in front of condemnees' property to the south for several hundred feet. An interchange, with connecting ramps, was to be constructed so that traffic on the new high-

way could leave it and go either north or south on the "Belt" road. A portion of condemnees' parking area in front of their business property (the Peacock Pancake House) was condemned and a temporary easement was taken for the reconstruction of driveways, surface and the placing of culverts thereunder for drainage purposes. The area taken was 0.069 of an acre, and the temporary easement was 0.074 of an acre. We are not now concerned with other physical descriptions of the property.

Instruction No. 4, which condemnees contend injected an issue of special benefits which should not have been in the case, is as follows:

"The Court instructs the jury that if you find and believe from the evidence that the location and construction of U. S. Highway #36 immediately adjacent to the remainder of defendants' land not taken by plaintiff, will increase the fair market value of such remaining land, solely because of the immediate proximity and accessibility of such remaining land to said Highway #36, then such increase in value, if any, solely due to such proximity or immediate accessibility, is a special benefit and should be considered by you as such, even though you may further find that such special benefit, if any, is also enjoyed by other lands similarly located immediately adjacent to said highway, including such land no portion of which is taken for state highway purposes, and that you should deduct such special benefits, if any, from the damages, if any, to which the defendants may be entitled for the taking by plaintiff of a portion of their land and the damages, if any, to the remainder of defendants' land.

"If you find and believe from the evidence that the value of such special benefits, if any, is equal to or exceeds the damages, if any, to which defendants may be entitled, if any, for the

taking of a portion of their land, then your verdict shall be for the plaintiff."

Plaintiff's witness, Alan Bullock, testified concerning special benefits as follows:

"Q Now in your opinion, will there be any special benefits accrue to Mr. Keller's property by virtue of the construction of Highway 36 interchange with the ramps?

"A I think it would be tremendous.

"Q Will you please explain to the jury what those advantages will be.

"A Well, that is the first piece of property there that has unlimited access for the traffic that is coming off the interchange there. With signs to be up, it will funnel traffic right there."

It is the plaintiff's contention that the remaining land of condemnees enjoys a special benefit solely because of its immediate proximity and accessibility to U. S. Highway 36. We agree with condemnees' contention, above stated.

Photograph Exhibit "L", looking north from the south edge of condemnees' property, shows that there are unrestricted business sites on up the hill along the "Belt" road. Another photograph, Exhibit "K", looking south from the north edge of condemnees' property, reveals that south of U. S. Highway No. 36 are unrestricted highway frontages along the "Belt." The fact that more traffic may be "funnelled" from the new limited access highway onto the "Belt" and past condemnees' property is not a special benefit accruing directly and proximately thereto by reason of the construction of the road. The increased flow of traffic would benefit the area generally and not specifically condemnees' property. See State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S.W.2d 338, 340 [1, 2], as quoted in the recent case of State ex rel. State Highway Commission v. Ballwin Plaza Corporation, Mo., 382 S.W.2d 633, 636. See also the concurring opinion in Ballwin, loc. cit. 382 S.W.2d 639, where State ex rel. State Highway Commission v. Vorhof-Duenke Co., Mo. Sup., 366 S.W.2d 329, 339, Banc, is quoted: "'This court has held that increased facilities for the travel and transportation of the general public are not such benefits as may be deducted from the compensation and damages;'" and quoting State ex rel. State Highway Commission v. Turk, Mo.Sup., 366 S.W.2d 420, 422, "'Upon the more general subject, we have said that "traffic, great or small, is merely an incident of streets and highways and cannot be considered either as an element of damages or of benefits."' (Citing cases) Therefore, it is improper and incorrect to include the movement of traffic on a highway (greater or less, faster or slower, smoother or more congested) as an element of either special benefits or damages."

The giving of Instruction No. 4 was error for the reasons stated in the foregoing cases. Other claimed errors will probably not recur on new trial.

The judgment is reversed, and this case is remanded for new trial.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., and EAGER, J., concur.

FINCH, J., not participating because not a member of the court when cause was submitted.