Filed 4/3/13  Ziburtovicz v. City of Oroville CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| ALEXANDER ZIBURTOVICZ, | C070745 |
| Plaintiff and Appellant, | (Super. Ct. No. 154714) |
| v. | |
| CITY OF OROVILLE, | |
| Defendant and Respondent. | |

Representing himself, plaintiff Alexander Ziburtovicz filed a petition for writ of mandate under the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.)  challenging approval of an affordable senior housing project by defendant City of Oroville (the city).  Ziburtovicz's petition failed to name the project applicant as a real party in interest.  The trial court sustained the city's demurrer without leave to amend because Ziburtovicz failed to join a necessary and indispensible party (the project applicant) and the statute of limitations had run for him to do so.  On Ziburtovicz's appeal (in which he also represents himself) from the resulting judgment of dismissal, we affirm because the trial court got it right.

FACTUAL AND PROCEDURAL BACKGROUND

Ziburtovicz lived on the same street of the proposed senior housing project. The proposed site was the location of the now-closed Oroville Hospital in the city's historic downtown district.

In May 2011, Petaluma Ecumenical Properties applied to develop the site with a senior housing project. In June 2011, the city held a public hearing to receive testimony about the proposed project. In June 2011, after public comment and discussion, the Oroville Planning Commission (the planning commission) approved the proposed project. Ziburtovicz appealed the approval to the Oroville City Council (the city council). After public comment and discussion, the city council denied the appeal and confirmed the approval.

On August 19, 2011, the city filed a notice that the proposed senior housing project was categorically exempt from CEQA because it met the requirements for affordable housing.

On September 15, 2011, Ziburtovicz filed a petition for writ of mandate seeking to compel the city to "perform [d]ue [p]rocess under CEQA" and file an environmental impact report. The only party named in the lawsuit besides Ziburtovicz was the city. The city filed a demurrer to the petition for Ziburtovicz's failure to name Petaluma Ecumenical Properties, a necessary and indispensible party, as a real party in interest.

The trial court sustained the demurrer without leave to amend because Petaluma Ecumenical Properties was a necessary and indispensible party and the statute of limitations had run on naming it in the petition. The trial court then dismissed the case.

DISCUSSION

To properly file a mandamus proceeding against a public agency, "[a]ppropriate entities must be named by the petitioner as parties. Any 'recipient of an approval that is the subject of the action or proceeding' must be named as a real party in interest and must be served within 20 days of service on the public agency and failure to serve may

2

result in dismissal under Code Civ. Proc. §389. [Pub. Resources Code, §21167.6.5 subd. (a)(d) effective January 1, 2003]." (Robie et al., Cal. Civil Practice: Environmental Litigation (2012) § 8:26.)

Here, Petaluma Ecumenical Properties was a recipient of an approval that had to be named as a party. It applied to develop the site and then received approval of its proposed senior housing project from the planning commission and then confirmation of that approval from the city council. Nevertheless, Ziburtovicz contends the approval was only a " 'pre-approval,' " so Petaluma Ecumenical Properties "holds no [c]ontract, but just a [n]on[-][b]inding [a]greement." He cites no law to support his position and nothing to refute the facts demonstrating Petaluma Ecumenical Properties received approval of its project. As such, it had to be named as a party, and the trial court was correct in so holding.

The trial court was also correct in denying leave to amend his petition to add Petaluma Ecumenical Properties as a real party in interest because the statute of limitations to do so had expired. An action challenging an agency's determination that a project is exempt from CEQA must be filed within 35 days of the notice of exemption's filing by the public agency. (Pub. Resources Code, § 21167, subd. (d).) Here, the notice of exemption was filed August 19, 2011. Thirty five days after that was September 23, 2011. Ziburtovicz had until then to add Petaluma Ecumenical Properties to his petition. He never did so. Nor was the statute tolled. The filing of the original petition stops the running of the statute of limitations only as to the parties named at the time the petition was filed. (*Thompson v. Palmer Corp.* (1956) 138 Cal.App.2d 387, 395.)

The trial court therefore did not abuse its discretion in sustaining the city's demurrer without leave to amend because Ziburtovicz had failed to join a necessary and indispensible party and the time had passed in which he could do so. (See *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 [standard of review].)

DISPOSITION

The judgment (order of dismissal) is affirmed.  The city shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


            ROBIE            , J.


We concur:



      NICHOLSON      , Acting P. J.



      DUARTE      , J.

4