[Civ. No. 3539. First Appellate District, Division One.—November 4, 1920.]

## MENZIE WALSH, Respondent, v. EZRA W. DECOTO, etc., Appellant.

[1] PLEADING — PARTIES — ACTION AGAINST CORPORATION — SUBSTITUTION OF REAL DEFENDANT.—Where an individual conducting a business under the name of a corporation negligently injured the plaintiff, and an action for such injuries was brought against the corporation alone and the summons was served on such individual and the corporation appeared and answered the complaint, the court was authorized on motion and proof that the corporation had no legal existence at the time of the injuries and of plaintiff's ignorance thereof to order that the real defendant be brought in and that the pleadings be amended accordingly.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. A. Kennedy for Appellant.

Stanley Moore and Geo. K. Ford for Respondent.

BEASLY, J., *pro tem.*—On April 23, 1915, the plaintiff, Menzie Walsh, filed in the superior court of Alameda County an unverified complaint against Blue Taxicab Corporation as defendant. The Blue Taxicab Corporation was named as defendant in the title of the action, and in the

49 Cal. App.—47

body of the complaint the corporate character of the defendant was set out. By her complaint the plaintiff sought damages for certain personal injuries alleged to have been sustained by her on September 1, 1914, through the negligent operation of an automobile by the defendant on the streets of the city of Oakland. On August 14, 1915, the summons was served upon the appellant, Ezra W. Decoto, for the first time. At the time of service, according to an affidavit of R. W. Palmer, the process server, the summons and a copy of the complaint were handed by him to Decoto, who then told him to make return that it was served upon the president of the Blue Taxicab Corporation. The Blue Taxicab Corporation appeared by demurrer, and the demurrer was overruled. On October 8, 1915, the Blue Taxicab Corporation filed its answer, in form a general denial, and also set up the special defense of contributory negligence and assumption of risk by plaintiff. Like the complaint, this answer was unverified. On March 15, 1916, the plaintiff gave notice that she would move the court for a jury trial of the case. On July 27, 1916, about two years after the accident, the plaintiff served and filed a notice of motion to amend her complaint in three respects, namely, first, by inserting therein as a portion of the title of the cause the words, "Ezra W. Decoto, doing business under the name and style of"; second, by striking out the whole of the paragraph of the complaint referring to the corporate character of the defendant, and inserting in lieu thereof the following: "That at all the times herein mentioned Ezra W. Decoto was doing business under the name and style above mentioned, and that said name was a fictitious and false name"; third, that the proposed amendment be filed as of April 23, 1915, the date of the commencement of the action. The grounds of this motion, as stated in the notice, were that a mistake had been made in the name of the party defendant in the complaint, and also a mistake as to the capacity in which the defendant was sued. At the time plaintiff filed and served her proposed amendment and with the motion there was an affidavit filed in support thereof stating that she had been mistaken in the name of the defendant, and that Mr. Decoto was doing business under the false and fictitious name Blue Taxicab Corporation; that plaintiff was ignorant

of that fact when she filed her complaint, and that under said name at the time of the accident Mr. Decoto was operating the taxicab by which the plaintiff was injured.

Prior to the hearing of this motion and on August 1, 1916, the plaintiff returned and filed the summons issued in this action, with the affidavit of service upon Ezra W. Decoto, personally, indorsed thereon. It will be noticed that this return was subsequent to the appearance of the Blue Taxicab Corporation by demurrer and answer as above stated. The motion to amend was heard on August 4, 1916, but before the court had ruled on it the plaintiff filed another notice of motion for an order to allow plaintiff to file an amended complaint upon the same grounds as those which formed the basis of the first notice above recited. Affidavits supporting and in opposition to this motion were also filed, and on August 21, 1916, the court granted leave to file the amendments proposed therein. These amendments were all practically to the same effect, namely, to bring in Mr. Decoto as the real defendant in the action in place of the Blue Taxicab Corporation. On September 22, 1916, a copy of the amendment was served on Mr. Decoto by mail, his office being in Oakland and that of the plaintiff's attorneys in San Francisco. On October 4, 1916, the judge of the superior court before whom the action was pending, without, as it is said, notice or suggestion of anyone but solely upon his own initiative or motion, made and caused to be entered upon the minutes of the court the following order:

"It appearing that the plaintiff herein was ignorant of the name of the defendant at the time of the commencement of the above-entitled action, and that such fact is stated in the amendment to said complaint on file herein, and that the defendant herein was and is designated in the pleadings and proceedings herein by the name Blue Taxicab Corporation, and that at all of the times referred to in said complaint said Ezra W. Decoto was operating the automobiles referred to in the complaint and was doing business under the false and fictitious name Blue Taxicab Company.

"Now, therefore, it is hereby ordered that the true name of said defendant, to wit, Ezra W. Decoto, doing business under the name and style of Blue Taxicab Company, be, and it is hereby. ordered inserted in all of the pleadings and proceedings herein in place and stead of the name Blue Taxicab

Corporation, and that all of the pleadings and proceedings herein be amended accordingly.''

On the twentieth day of April, 1917, the summons, complaint, and amendment to the complaint, as the said summons, complaint, and amendment to the complaint were amended by the order above recited, were personally served upon Mr. Decoto in the city of Oakland. At the same time and place the amended complaint was served upon Mr. Decoto in the same manner. Meantime, perhaps it should be noted, although it appears to be immaterial, that a default already entered in the action had been set aside on motion of Mr. Decoto, who specially appeared for that purpose; and after the entry of the order of October 4, 1916, the court had permitted the withdrawal of the summons for service as above set forth. After the denial of a motion to quash the service of summons and the affidavit of service thereof, upon the ground that no copy of the summons had ever been served and the defendant had never appeared and had never submitted himself to the jurisdiction of the court, interposed by Mr. Decoto upon a special appearance for that purpose, the default of the appellant Decoto for failure to further defend was entered, and after hearing, a judgment for five thousand dollars damages was entered against him. From this judgment he has duly appealed.

The only question involved in the appeal is whether or not the trial court had authority to substitute Mr. Decoto personally for the Blue Taxicab Corporation in the action. The substitution was made admittedly long after the statute of limitations would have run against Decoto had no action been commenced thereon. There is not very much conflict in the evidence upon which the various motions were submitted, and the facts seem quite clearly established as follows: Mr. Decoto was doing business under the name Blue Taxicab Corporation or Company, and operating a cab by which the plaintiff was injured through the negligence of its driver. An action was thereupon begun by the plaintiff Walsh for redress of her injuries sustained in this accident. Not knowing the name of the party operating the cab she sued the Blue Taxicab Corporation. It was supposed that Mr. Decoto was an officer of this so-called corporation. The Blue Taxicab Corporation appeared in the action and sought to defend it. Upon the discovery that the name Blue Taxi-

cab Corporation was a trade or business name under which
Mr. Decoto was operating the cab the plaintiff sought to
have him substituted by his name in place of the name under
which he was doing business. The court, after hearing
various motions and making an order which in effect ought
to have accomplished this purpose, probably thinking the
order not sufficient, made the sweeping order above recited
for the amendment of, all of the pleadings and proceedings in
the case by substituting Mr. Decoto's name for the name
under which he was doing business. There was no suit here
against a false entity, so the plaintiff claims, but an action
simply against a defendant by the name under which the
business was being conducted; and it is claimed that the case
of *Thompson* v. *Southern Pacific Co.*, decided by the su-
preme court on July 28, 1919, and found in 180 Cal. 730,
[183 Pac. 153], is decisive of the question before us.

[1] We are inclined to accept this position as correct.
In that case a complaint was filed against the Southern Pa-
cific R. R. Company, in which the defendant was described
as a corporation organized and doing business as a railroad
company in the state of California pursuant to its laws.
Summons was issued, and an *alias* summons was given in the
action. This *alias* summons with a copy of the complaint
was served upon the agent of the Southern Pacific Company
upon whom process might be served in the state of Cali-
fornia under a due authorization. The Southern Pacific
Company was a corporation organized and existing under
the laws of the state of Kentucky. The Southern Pacific
Railroad Company answered, and subsequently the Southern
Pacific Company appeared specially for the purpose of mov-
ing to quash the *alias* summons served on it and to set aside
the service upon the grounds, among others, that it was not
a party to the action. This motion was denied; and subse-
quently upon motions duly noticed the word "railroad" was
stricken from the name of the defendant in the title to the
action upon the ground that the Southern Pacific Company
had been properly served and had appeared in the action.
The supreme court sustained this position in the following
language: "In this case the real defendant's agent received
the summons and knew the contents of the complaint, be-
cause the corporation appeared specially in the action." So
Mr. Decoto here knew the contents of the complaint and ap-

peared specially in the action, the "real defendant," in the words of the supreme court, having received the summons. "True," that court continues, "there was a misnomer of the party defendant in the pleadings; but the court having acquired jurisdiction of the person of the defendant, as well as the subject matter of the suit, possessed the power to correct the misnomer." It is true that in that case the correction was in the name of a corporate defendant; but it seems to us that there is no difference in principle between such a case and the case at bar. The substance of the matter is the real thing to be considered; and we do not think that a defendant who does business under a trade name by which, although no deceit is necessarily intended thereby, a party injured is misled to the loss of his cause of action, should be heard to say after service upon him personally and with full notice of the situation, that the action had been begun in the wrong name and should therefore be abated.

This view makes it unnecessary for us to consider the cases relied upon by appellant, except to say that the case of *Altpeter* v. *Postal Tel. Co.,* 26 Cal. App. 705, [148 Pac. 241], is distinguished in the case of *Thompson* v. *Southern Pacific Co.,* 180 Cal. 730, [183 Pac. 153]. See *Nisbet* v. *Clio Min. Co.,* 2 Cal. App. 441, [83 Pac. 1077].)

It may be said in addition that this is not an action against a nonexisting entity, nor an action against a corporation in nowise connected with the enterprise from which the plaintiff received her injury. It was an action against Mr. Decoto by the fictitious name under which he was conducting the business during the course of which the injury to the plaintiff occurred. It is true that there is a contention to the effect that there was such a corporation as the Blue Taxicab Corporation. In one of the affidavits in the case the existence of such a corporation at and prior to August 15, 1915, is averred, and it is also stated that Mr. Decoto was the president thereof. The injuries of plaintiff occurred on September 1, 1914. This affidavit, therefore, does not show the existence of a corporation at the time of the accident; nor that the corporation owned the cab by which the plaintiff was injured.

Nor do we think that the court exceeded its authority in making the sweeping order for the amendment of the pleadings in the action which is above set forth (30 Cyc. 141;

Code Civ. Proc., sec. 389); and there is abundance of authority that the court may so act on its own motion in furtherance of justice (31 Cyc. 476).

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1921.

All the Justices concurred.