[Civ. No. 5644. Second Appellate District, Division One.—February 9, 1928.]

MARY J. CRAIG, Appellant, v. SAN FERNANDO FURNITURE CO. et al., Respondents.

168

Bordwell, Mathews & Wadsworth, Ray W. Bruce and John H. Mathews for Appellant.

Bailie, Turner & Lake for Respondents.

HAHN, J., *pro tem.*—The plaintiff appeals from a judgment of dismissal of the action made after an order of court sustaining defendants' demurrer to the amended complaint. The notice of appeal also includes the order of court granting defendants' motion to strike from the amended complaint and the order of court sustaining defendants' demurrer to the amended complaint. As there is no right of appeal from the orders indicated, we will consider alone the appeal from the judgment.

This is one of five separate actions which were filed in the superior court of Los Angeles County as a result of an automobile accident occurring in the county of Los Angeles on July 7, 1925. Each of the five persons injured while riding in one of the automobiles involved in the collision, filed a separate suit wherein the driver, one Ira E. Stewart, and the San Fernando Furniture Company, alleged to be his employer, were named as defendants.

The attorneys for the plaintiff in this case appear also as attorneys for the plaintiffs in each of the other four cases, while the attorneys representing the defendants in the court below and on this appeal likewise appeared as attorneys for the defendants in the other cases in the court below and on the appeals to this court. Judgments of dismissal were entered after similar rulings on demurrer were made by the same trial judge in all of the cases, and appeals were taken from such judgments and involve the identical questions which are under consideration in the instant case. By stipulation of all of the parties in the five actions, the determination of the appeal in the instant case shall be determinative of the appeals in the other four cases.

Within one year after the happening of the accident, namely, on June 18, 1926, the complaint in this action was filed in the superior court. In the title of the original complaint the defendants were designated as "San Fernando Furniture Company, a corporation, and Ira E. Stewart." In the first paragraph of the original complaint the pleader alleged that the San Fernando Furniture Company was and is a corporation organized under the laws of the state of California, and that at all times mentioned in the complaint the defendant Ira E. Stewart was an employee of the San Fernando Furniture Company.

On December 17, 1926, prior to the filing of any pleadings by the defendants, the plaintiff filed an amended complaint and served a copy of the same on Bailie, Turner & Lake, attorneys at law, who receipted for the same in the following form: "Received copy of the within first amended complaint the 17th day of December, 1926. Bailie, Turner & Lake, Attorneys for Defendants." The title in the amended complaint reads as follows: "Mary J. Craig, Plaintiff, v. San Fernando Furniture Company, Alex Cohen, Louis Cohen and Morris Cohen, co-partners doing business under the firm name and style of San Fernando Furniture Company, and Ira E. Stewart, Defendants." The first paragraph of the amended complaint was changed to read as follows:

"That at all times mentioned herein the defendant San Fernando Furniture Company was and now is a co-partnership; that Alex Cohen, Louis Cohen and Morris Cohen are the names of the persons comprising said co-partnership,

and that said Alex Cohen, Louis Cohen and Morris Cohen now are and at all times mentioned herein were associated together in the retail furniture business in the City of Los Angeles, California, transacting such business under the firm name and style of San Fernando Furniture Company; that said associates Alex Cohen, Louis Cohen and Morris Cohen are sued herein under said firm name and style of San Fernando Furniture Company pursuant to Section 388 of the Code of Civil Procedure of the State of California.

"That at all times mentioned herein the defendant Ira E. Stewart was the employee of said San Fernando Furniture Company, a co-partnership, and of Alex Cohen, Louis Cohen and Morris Cohen, doing business under the firm name of San Fernando Furniture Company and that said Ira E. Stewart at all times mentioned herein was acting as a driver of the automobile truck belonging to said San Fernando Furniture Company and to said Alex Cohen, Louis Cohen and Morris Cohen, doing business under said common name."

On December 27, 1926, attorneys Bailie, Turner & Lake, designating themselves as "Attorneys for defendant San Fernando Furniture Company," filed a notice of motion to dismiss the action; also a notice of motion to strike out certain portions of the amended complaint; and also a general and special demurrer to the amended complaint. The same firm of attorneys filed similar motions to dismiss and to strike; also a general and special demurrer on behalf of the defendants Alex Cohen, Louis Cohen and Morris Cohen. In due course the demurrer and motions came on for hearing, counsel appearing for the respective parties as hereinbefore designated. The motion to dismiss was granted, also the motion to strike; and the demurrer was sustained. There seems to be but one question involved in this appeal, namely, did the plaintiff in amending her complaint in fact change the parties defendant?

It is conceded by counsel for appellant that inasmuch as the statute of limitations had run prior to the filing of the amended complaint, she would not have had the legal right as against the demurrer to bring in new legal entities in her amended complaint and proceed to trial on the merits as against such new entities. If, therefore, when in the amended complaint, the characterization of the defendant

"San Fernando Furniture Company" was changed from that of "a corporation," as designated in the original complaint, to that of "a copartnership," as designated in the amended complaint, a new legal entity was brought in, then it would be conceded that the rulings of the lower court were correct. And furthermore, if in adding to the named defendants the names of Alex Cohen, Louis Cohen, and Morris Cohen, designated as copartners and doing business under the firm name of San Fernando Furniture Company, the pleader brought new legal entities in as defendants, the rulings of the lower court were correct. Appellant, however, urges, first, that changing the designation of defendant San Fernando Furniture Company from that of a corporation to a copartnership, did not serve to change in any respect the legal entity of defendant, and, second, that inasmuch as under the provisions of section 388 of the Code of Civil Procedure, where persons associated together in business conduct such business under a common name, such group may be sued under such common name, the amended complaint in adding the names, Alex Cohen, Louis Cohen, and Morris Cohen, did not bring in any new defendants, but simply enlarged, by being more specific, the designation of the defendant originally named, to wit, the San Fernando Furniture Company.

It is well settled, at least in California, that the designation "a corporation" after the name of the defendant, or an allegation in the complaint declaring the corporate existence of the named defendant, is not necessary to the jurisdiction of the court over the defendant, or over the subject matter of the action. (*Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 Pac. 880] ; *Los Angeles Ry. Co.* v. *Davis*, 146 Cal. 179 [106 Am. St. Rep. 20, 79 Pac. 865].)

The determination of the question does not turn necessarily upon the name given to the intended defendant, but rather upon its identity in fact. Where a group of people are conducting a business under a common name, the law recognizes that group in its entity as a legal entity, and whether the group of persons see fit to avail themselves of the provisions of the law and form a corporation, or whether they see fit to conduct that business under a common name without incorporating, the legal entity still exists and is designated by the common name adopted or used.

Hence, appellant urges that from the outset she was pursuing for the purpose of satisfying her claim of damages, a certain concern doing business under the fictitious name of the San Fernando Furniture Company, and when for the purposes of perchance aiding in furnishing the proof necessary to support her claim, or to enable her more certainly to satisfy her judgment if she obtained one, she changes the designation of the entity she is pursuing, there is no real change in the party defendant.

We are satisfied that appellant's contention must be sustained on the point that in changing the designation of the San Fernando Furniture Company from that of a corporation to that of a copartnership, there was no change in the defendant entity "San Fernando Furniture Company." Respondents urge that because the original complaint designated the San Fernando Furniture Company as a corporation, and in the verification the allegation as to the corporate character of the defendant is asserted to be true, that the court must assume for the purposes of considering this question that there actually did exist at the time the suit was filed a corporation by the name of the "San Fernando Furniture Company," and by reason of the amended complaint, likewise alleging the existence of a copartnership doing business under the same name there were two separate entities in existence, and that it must be presumed that the plaintiff in her original complaint undertook to make as defendant a very different entity from that which was made defendant in her amended complaint. We cannot agree with respondents in their contention on this point. It clearly appears from a reading of the original and amended complaints that the plaintiff at all times was urging her claim of damages against a business concern operating under the name of the San Fernando Furniture Company and which had in its employ as a truck driver, one Ira E. Stewart.

While there is some conflict in the conclusion arrived at in the different states where this question has been under consideration, the California authorities unquestionably support appellant's contention. A line of demarcation is drawn in the California decisions between a situation where the error is clearly one of misnomer and one where the plaintiff has erroneously pursued a defendant to find out

later that his claim in law was against an entirely different person or concern. The case of *Alpeter* v. *Postal Telegraph Cable Co.*, 26 Cal. App. 705 [148 Pac. 241], cited by respondent is illustrative of the latter class of cases.

In the case of *Thompson* v. *Southern Pacific Co.*, 180 Cal. 730 [183 Pac. 153], the original complaint named the defendant as the Southern Pacific Railroad Company, a corporation. Five years after the accident out of which the action arose, the pleader discovered that the defendant against whom he had his cause of action was really a corporation by the name of "Southern Pacific Company." Two separate corporations existed, one incorporated under the laws of California, and the other incorporated under the laws of Kentucky. From the outset, the plaintiff was pursuing the concern that operated the train with which he collided, and when he discovered that he had designated the defendant by a misnomer and the court granted him permission to amend so as to correctly state the name of the defendant he urged his claim against, there was in fact no new defendant brought in.

The same question was involved in the case of *Walsh* v. *Decoto*, 49 Cal. App. 740 [194 Pac. 298]. In the original complaint, the Blue Taxi Cab Corporation was named as the defendant and was described in the caption of the complaint as a corporation, and in the body of the complaint appeared the usual allegation that the defendant was a corporation. Two years after the accident, out of which the action arose, and after an answer had been filed on behalf of the Blue Taxi Cab Corporation as defendant, the plaintiff discovered that he was in error in designating the concern against whom he was asserting his claim as a corporation. In fact, it appears that the Blue Taxi Cab Corporation was not a corporation, but was merely a fictitious name under which one Ezra W. Decoto conducted his business. The court permitted the plaintiff to amend his complaint, so that the defendant was designated as Ezra W. Decoto, doing business under the name and style of Blue Taxi Cab Corporation. The court of appeal sustained the lower court in permitting the amendment. In that case, the change or departure was much more marked than in the instant case. The theory that it is the entity named as defendant that is determinative of the question is given recognition in the

opinions in *Artana* v. *San Jose Scavenger Co.*, 181 Cal. 627 [185 Pac. 850], and in *John Bollman Co.* v. *S. Bachman & Co.*, 16 Cal. App. 590 [117 Pac. 690, 122 Pac. 835].

Respondents in their briefs have cited numerous authorities and have quoted freely from cases which they urge support their contention. Space will not permit of a detailed consideration of these cases. In most of them it clearly appears that the plaintiff had mistaken the person or concern against whom he had his cause of action, as was the case in *Alpeter* v. *Postal Telegraph Cable Co., supra.* As to those cases which involve a state of facts similar to those in the instant case, where the courts hold to a different rule, we are satisfied that the better reason supports the California cases cited.

Coming now to the question as to whether or not new and additional defendants were named in the amended complaint by the adding of the names, Alex Cohen, Louis Cohen, and Morris Cohen, as copartners, doing business under the firm name and style of San Fernando Furniture Company, a somewhat different situation arises. There seems some logic in appellant's contention that, having sued the group of men in their common name under which they did business, there were in fact no new defendants added in her amended complaint when she set forth specifically the names of the individuals constituting the group, and in support of this contention appellant particularly urges a consideration of section 388 of the Code of Civil Procedure, which reads as follows: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability." However, the theory of appellant was given full consideration by the court of appeal in the case of *John Bollman Co.* v. *S. Bachman & Co.*, 16 Cal. App. 589 [117 Pac. 690, 122 Pac. 835]. While it is true that case arose prior to the adoption of section 388 of the Code of Civil Procedure, in its present form,

the consideration of the principle involved would seem to lead to the same conclusion if the case had arisen subsequent to the amendment of 1907 (Stats. 1907, p. 704). There is considerable authority to support the proposition that where a firm is doing business under a common name, whether it be a partnership or other association of persons, the group relation as designated by the common name constitutes a separate legal entity from that of the individuals who form the group. This view is supported in the case of *Billings* v. *Finn,* 55 Cal. App. 134 [202 Pac. 938], where the court, in discussing the nature of a judgment rendered in a case wherein the defendants were sued in their individual names, but characterized as copartners and doing business under a firm name, says: "In such a case the action is against the persons or individuals named and not against the business, although such names are followed by the description 'partners doing business under' a designated firm name; and conversely, where the declaration or complaint is in terms against the firm, the addition of the averment that such firm consists of certain named persons does not render such persons parties individually, but the action is against the firm, such additional averments being considered mere *descriptio personae.*" In the case of *Artana* v. *San Jose Scavenger Co., supra,* the court gave support to the same view. There the action was brought against the "San Jose Scavenger Company" as defendant. One Peter Devincenzi appeared and filed a demurrer designating himself as the defendant and as sued under the name of San Jose Scavenger Company. The demurrer appeared to be on behalf of himself as an individual. In discussing the question arising on appeal from the judgment, Chief Justice Angellotti makes this statement: "It did not purport to be the demurrer of any party to the action, for the only party defendant was the San Jose Scavenger Company, a parnership, which, for the purposes of the statute (Code Civ. Proc., sec. 388) is regarded as a legal entity distinct from its members. Although, by virtue of the amendment of the section in 1907, the judgment in an action so brought binds not only the joint property of the associates but also the individual property of the party or parties served with process, it is still true that the action contemplated by the section is one

against the associates as such to enforce a claim existing against the association, and is not an action against the individual members of the association; that is, unless they are, as individuals, made parties thereto. The association, whether it be a copartnership or other association of individuals transacting business under a common name, is, for the purposes of the section, a legal entity distinct from its members, and it is this legal entity which is in this action the sole party defendant.'' The trend of authority seems to support this view, although there are cases, particularly from other jurisdictions, that would justify a contrary line of reason.

We are therefore led to the conclusion that the adding of the names, Alex Cohen, Louis Cohen, and Morris Cohen, in the amended complaint was an attempt to bring in new defendants, and inasmuch as the statute of limitations had run, plaintiff could not maintain an action against them as individuals. Hence, the judgment of dismissal as against the defendants Alex Cohen, Louis Cohen, and Morris Cohen, and the orders of the court in sustaining the demurrer and granting the motion to strike, of said individual defendants were properly made.

For the foregoing reasons it is ordered that the judgment of dismissal as against the defendant San Fernando Furniture Company be and the same is reversed and set aside; that the judgment of dismissal as against the defendant Alex Cohen, Louis Cohen, and Morris Cohen is affirmed.

It is further ordered that the appeals from the order of court sustaining defendants' demurrers and from the order of court granting the motions of defendants to strike from the amended complaint be dismissed.

Conrey, P. J., and York, J., concurred.