[Civ. No. 10984.   Third Dist.   Aug. 18, 1966.]

RUTILOUS MAYBERRY, Plaintiff and Appellant, v. COCA COLA BOTTLING COMPANY OF SACRAMENTO, Defendant and Respondent.

Colley & McGhee and Milton L. McGhee for Plaintiff and Appellant.

Douglas B. McDonald and James E. Donahue for Defendant and Respondent.

FRIEDMAN, J.—Plaintiff alleges damages caused by drinking a bottle of contaminated Coca-Cola. The beverage had been purchased from a vending machine in one of the state buildings in Sacramento. The incident, according to the complaint, had occurred in July 1961. The complaint was filed 10 months later, in May 1962.

The beverage had been bottled by Coca Cola Bottling Company of Sacramento, a partnership. The partnership premises also housed another business entity, a corporation called Coca Cola Bottling Company of Sacramento, Ltd. The corporation supplied syrup to the partnership but did no bottling. The three persons composing the partnership were also officers or directors of the corporation. One Tyler Taylor was employed not only as general manager of the corporation, but also as assistant general manager of the partnership business.

As defendant the complaint mistakenly named the corporation, which had not bottled the product, instead of the partnership, which had. Three fictitious defendants, one of whom was designated as Black and White Company, were named. Process was served on Taylor in his capacity as general manager of the corporation. Through counsel the corporation filed an answer, which consisted of a general denial *plus an affirmative defense alleging plaintiff's contributory negligence.* No source hinted at the dual identity of the local producers of Coca-Cola. The one-year period of limitations on personal injury actions (Code Civ. Proc., § 340, subd. 3) terminated in July 1962, one year after the accident. Time passed, as it does in personal injury suits. Counsel for the corporate defendant took plaintiff's deposition. In June 1963 both sides filed pretrial statements. The corporation's pretrial statement listed several issues, without the slightest intimation that plaintiff's mistake in identity would be raised at the trial. Plaintiff's counsel, apparently unaware of impending procedural bombardment, filed a routine pretrial statement indicating the issues to be negligence, injury and damages. The court entered a pretrial conference order

substantially adopting the defendant's pretrial statement *and dismissing the fictitious defendants.*

The case went to trial in March 1964. After a jury had been sworn and plaintiff's witnesses had testified, the sales manager of the partnership was called to the stand as an adverse witness. Only with his testimony did plaintiff's error in suing the wrong defendant come to light. In the absence of the jury, plaintiff moved to substitute the partnership for the corporation as defendant. The motion was granted. Counsel for the corporation then moved for a nonsuit in favor of his client. That motion too was granted.[1] Later the jurors were discharged and the case dropped from the trial calendar for future setting.

The partnership then appeared by new counsel, filing a demurrer which set up the bar of the one-year statute of limitations. The demurrer was sustained without leave to amend. A judgment of dismissal followed, from which plaintiff appeals.

▇▇▇ Amendment of the complaint to add a party or to correct a misnomer is authorized by section 473, Code of Civil Procedure. As a general rule, after the statute of limitations has run, a complaint may be amended to correct a misnomer or defect in the description or characterization of the defendant, but not to permit a replacement of parties. The most recent California decisions in point quote with approval a statement appearing in 8 A.L.R.2d at page 166: "[W]here an action is brought against a corporation whereas it should have been brought against a partnership, or vice versa, an amendment substituting the proper party defendant after the statute of limitations has run is generally held to be vulnerable to a plea of the statute. And the same rule applies in the case of the substitution of individuals as defendants for the partnership or corporation, or vice versa." (*Milam* v. *Dickman Constr. Co.*, 229 Cal.App.2d 208, 210 [40 Cal.Rptr. 130] ; *Thompson* v. *Palmer Corp.*, 138 Cal.App.2d 387, 395-396 [291 P.2d 995].)

▇▇▇ Expressed in such bald terms, the general rule supplies no litmus to differentiate between erroneous description and

---

[1]Because counsel for Coca Cola Bottling Company of Sacramento, Ltd., had omitted the issue of mistaken identity from the corporation's pretrial statement, that issue was not listed in the pretrial conference order. Rule 216, California Rules of Court, declares that the pretrial order, where inconsistent with the pleadings, controls the subsequent course of the case. It is interesting to speculate on the course of the litigation had counsel for plaintiff objected to the corporation's dismissal on the ground that the pretrial tactics of the corporation had precluded it from raising the question of identity.

change of identity. It ignores the difference between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run; neither does it consider modern business practices, which often divide integrated business operations—if only for tax purposes—among a group of artificial legal entities.

To accommodate the latter factors, an ''exception to the general rule'' has been formulated, which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names. (*Milam* v. *Dickman Constr. Co.*, *supra*, 229 Cal.App.2d at p. 211, citing *Thompson* v. *Southern Pac. Co.*, 180 Cal. 730 [183 P. 153]; *Walsh* v. *Decoto*, 49 Cal.App. 737 [194 P. 298]; *Craig* v. *San Fernando Furniture Co.*, 89 Cal.App. 167 [264 P. 784]; *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118 [297 P. 940]; see cases cited, 8 A.L.R.2d at pp. 171-174; 63 Harv.L.Rev. 1240.) Other authorities look to additional factors, such as the real tortfeasor's knowledge of the lawsuit and the desirability of protecting substantive rights. (*Canifax* v. *Hercules Powder Co.*, 237 Cal.App.2d 44, 57-58 [46 Cal.Rptr. 552]; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 688, pp. 573-575.)

In our review of the order sustaining the partnership's general demurrer without leave to amend, the issues are whether the complaint states a cause of action and whether there is a reasonable possibility that it might be amended to do so. (*MacLeod* v. *Tribune Publishing Co.*, 52 Cal.2d 536, 542 [343 P.2d 36]; 2 Witkin, Cal. Procedure (1954) Pleading, § 505, pp. 1496-1497.) This is not a case where the complaint describes a fictitiously named firm, which might be either the corporation or a partnership. (Cf. *Artana* v. *San Jose Scavenger Co.*, 181 Cal. 627 [185 P. 850]; *Craig* v. *San Fernando Furniture Co.*, *supra*, 89 Cal.App. 167.) On its face the complaint named as defendant the corporation, not a similarly named partnership. Service of process had never been made on a member of the partnership. The latter had never appeared in the lawsuit. (Cf. *Thompson* v. *Southern Pac. Co.*, *supra*, 180 Cal. at p. 734.) On its face the complaint was vulnerable to the general rule foreclosing substitution of a partnership for a corporate defendant after the bar of limitations has fallen. The question before us is whether there is a reasonable possibility of an amendment invoking the general rule's exception or qualification, which tolls the running of limitations.

To state the question is to answer it. The plaintiff intended

to sue the firm which had bottled the beverage and was responsible for the alleged contamination. The participation of dual entities in an integrated production enterprise, the relationship between the corporate name and the well-known Coca-Cola product, the substantial identity of the persons involved in both firms—these circumstances were sources of excusable mistake on plaintiff's part and of awareness on the part of the real tortfeasor.[2]

The court's file itself exhibited a series of steps by the corporate defendant which could only perpetuate plaintiff's error beyond the point of repair. A defendant with a shatter-proof alibi had no need to file an answer alleging contributory negligence, no need to take the plaintiff's deposition. The corporation's third step, omission of the identity issue from its pretrial statement, indirectly resulted in dismissal of Black and White Company, a fictitious defendant.[3] Had that dismissal not occurred, plaintiff might have attempted to bring in the correctly named defendant by amendment of the complaint. (Code Civ. Proc., § 474.) True, some of the corporation's tactics took place more than a year after the injury. These tactics were nevertheless injurious, because a fictitious defendant may be replaced by the real defendant after expiration of the period of limitations. The theory is that the real defendant was a party to the lawsuit when the action was commenced, and the statute of limitations stopped running at that time. (*Austin* v. *Massachusetts Bonding & Ins. Co.*, 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681].)

A summary judgment proceeding or a special trial under Code of Civil Procedure section 597 would have been a more

[2]In points and authorities in opposition to the demurrer counsel for plaintiff told the trial court: ''At the inception of this claim, we first contacted representatives at the Stockton Boulevard, Sacramento California office. They referred the claim to the office at Atlanta, Georgia, where a detailed questionnaire was submitted to plaintiff and which was filled out and returned.'' Counsel for plaintiff did not indicate what role the reply played in contributing to the error. In any event, the statements could not be weighed in the ruling on demurrer. Such facts do display some of the possibilities available by amendment to the complaint.

[3]After plaintiff's error was revealed, counsel for the corporation expressed to the trial court the view that he had been under no obligation to disclose the identity issue during pretrial proceedings. Counsel's view was incorrect. If deliberate, such an omission violated the letter and spirit of the pretrial rules, which require attorneys to display, not conceal, the trial issues on which they expect to depend. (See rule 210, Cal. Rules of Court.) A widely used practice handbook aptly states that pretrial ''is meant to make a lawsuit less a game of wits and more a means for fairly settling the claims of the parties.'' (Cont. Ed.Bar, California Civil Procedure Before Trial, p. 735.)

effective method of dealing with the facts than the restricted inquiry available on demurrer. In any event, error occurred when plaintiff was dismissed from the lawsuit without an opportunity to show facts demonstrating a harmless misnomer and preventing invocation of the statute of limitations.

Were plaintiff tardily attempting to fasten liability on the individual partners of Coca Cola Bottling Company of Sacramento, the limitation problem would be quite different. The amended complaint sues the partnership as an entity by its common name, not the individuals comprising it. (See *Thompson* v. *Palmer Corp., supra,* 138 Cal.App.2d at p. 396; *Craig* v. *San Fernando Furniture Co., supra,* 89 Cal.App. at pp. 174-176; Code Civ. Proc., § 388.)

Judgment reversed, with directions to the trial court to permit amendment of the complaint.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied September 16, 1966, and respondent's petition for a hearing by the Supreme Court was denied October 14, 1966.