[Civ. No. 65718. Second Dist., Div. Four. Feb. 1, 1983.]

WALTER PRINCE, Plaintiff and Appellant, v.
JENSEN MOTORS, INC., Defendant and Respondent.

654

## COUNSEL

Bruce Wolfson and Edward J. Horowitz for Plaintiff and Appellant.

Peterson, Lawrence, Bower & Baraban, John E. Bower, Jr., and Edwin E. Lawrence for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment on the pleadings in an action for breach of warranty. We reverse.

Plaintiff purchased an automobile manufactured by an English company known as Jensen Motors, Ltd. from that corporation's California distributor, a corporation known as Jensen Motors, Inc. Both corporations are doing business in California. He suffered property damage allegedly because of

defective manufacture of the car. He sued Ltd. alleging breach of both the implied and an express warranty of fitness. Service was made on Inc. Ltd. secured a dismissal for lack of service on it. Plaintiff then served Inc. as a Doe defendant. Inc. answered and filed a cross-complaint against Ltd. for indemnity. The answer denied generally all allegations of the complaint with three defenses: contributory negligence, assumption of risk, and failure to state facts constituting a cause of action against Inc. The parties filed cross at-issue memoranda. In 1980, four years having run, Inc. moved to dismiss for failure to prosecute. That motion was denied on a showing of an excuse by plaintiff. When the case finally came on for trial, on June 22, 1981, Inc. moved for judgment on the pleadings, setting forth for the first time, the (quite accurate) contention that the complaint failed to allege any fact showing how it was involved in the damage. The motion was granted. Plaintiff has appealed. We reverse.

■ Two doctrines are herein involved which both parties accept: (1) That judgment on the pleadings should not be granted if a plaintiff could reasonably amend to correct the deficiency in the complaint; and (2) that amendment generally will not be allowed to bring in a new party after the statute of limitations has run as to that new party. To the latter rule, however, there is an exception, which the court in *Mayberry* v. *Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350 [53 Cal.Rptr. 317], stated as follows (at pp. 352-353): "Expressed in such bald terms, the general rule supplies no litmus to differentiate between erroneous description and change of identity. It ignores the difference between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run; neither does it consider modern business practices, which often divide integrated business operations—if only for tax purposes—among a group of artificial legal entities. To accommodate the latter factors, an 'exception to the general rule' has been formulated, which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names. (*Milam* v. *Dickman Constr. Co.*, supra, 229 Cal.App.2d at p. 211 [40 Cal.Rptr. 130], citing *Thompson* v. *Southern Pac. Co.*, 180 Cal. 730 [183 P. 153]; *Walsh* v. *Decoto*, 49 Cal.App. 737 [194 P. 209]; *Craig* v. *San Fernando Furniture Co.*, 89 Cal.App. 167 [264 P. 784]; *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118 [297 P. 940]; see cases cited, 8 A.L.R.2d at pp. 171-174; 63 Harv.L.Rev. 1240.) Other authorities look to additional factors, such as the real tort-feasor's knowledge of the lawsuit and the desirability of protecting substantive rights. (*Canifax* v. *Hercules Powder Co.*, 237 Cal.App.2d 44, 57-58 [46 Cal.Rptr. 552]; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 688, pp. 573-575.)"

The case at bench is a striking parallel to that case. Here we have two corporations with almost identical names, involved in a continuous intercompany business. Since a claim for breach of warranty, either implied or express, lies

only against a seller, it was obvious that plaintiff intended to sue Inc., the seller. Inc., by its conduct up until it sprang its surprise motion, had acted in a manner consistent only with its recognition of the plaintiff's true intent. Otherwise, the cross-complaint against Ltd. had no meaning. Inc. shows no possible prejudice from being brought in as defendant in this case on its facts.

The judgment is reversed with directions to allow plaintiff to amend so as to state expressly what its complaint now infers—namely that Inc. is claimed to be liable as the seller of the allegedly defective automobile.

Amerian, J., and Nelson (H. P.), J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.