24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michelle PERRONE, Plaintiff-Appellant,
and
Gerald T. Gurschke, Barbara L. Gurschke, Plaintiffs,
v.
VITEK, INC., et al., Defendants-Appellees.
Gerald T. GURSCHKE, Barbara L. Gurschke, Plaintiffs,
and
Cynthia Jean Smith, Plaintiff-Appellant,
v.
VITEK, INC., et al., Defendants-Appellees.
Gerald T. GURSCHKE, Barbara L. Gurschke, Plaintiffs,
and
Genoveva J. Price and Edward J. Price, Plaintiffs-Appellants,
v.
VITEK, INC., et al., Defendants-Appellees.
Patricia A. SERNA, Plaintiff-Appellant,
and
Gerald T. Gurschke and Barbara L. Gurschke, Plaintiffs,
v.
VITEK, INC., et al., Defendants-Appellees.
Gerald T. GURSCHKE, Barbara L. Gurschke, Plaintiffs,
and
Nellie Scholar and Joseph Scholar, Plaintiffs-Appellants,
v.
VITEK, INC., et al., Defendants-Appellees.
 Nos. 93-15285, 93-15395, 93-15396, 93-15398, 93-15399.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided April 29, 1994.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal the grant of summary judgment in favor of Dow Corning ("Dow"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Standard of Review and Applicable Law
 
 
 5
 We review the grant of summary judgment de novo. Church of Scientology v. IRS, 991 F.2d 560, 562 (9th Cir.1993). Because these actions were removed from the Superior Court for the County of San Francisco, State of California, to the federal court based on diversity jurisdiction, California statute of limitations law applies. See Mertens v. Hewitt Associates, 948 F.2d 607, 612 (9th Cir.1991), aff'd, 113 S.Ct. 2063 (1993).
 
 II
 Analysis
 
 6
 The statutes of limitations applicable to Plaintiffs' fraud and personal injury claims are three years and one year, respectively. Cal.Civ.Proc.Code Secs. 338, 340. Between October 1987 and January 1988, plaintiffs filed five lawsuits in the Superior Court against other parties for fraud and personal injuries allegedly caused by the Temporomandibular joint ("TMJ") implants they had received. Dow was not a named defendant because plaintiffs did not know that Dow was possibly involved in the alleged claims. On March 29, 1991, plaintiffs' counsel first learned that Dow might have some involvement with the TMJ implants. On January 9, 1992, plaintiffs sued Dow for injuries caused by their TMJ implants. The California statutes of limitations apply as follows. Plaintiffs filed the last of their five lawsuits on January 27, 1988. Therefore, at the outside, plaintiffs had to sue Dow within three years, that is, no later than January 27, 1991, or be time-barred by the statute of limitations. Because plaintiffs sued Dow on January 9, 1992, their action is barred unless, as they contend, the statute of limitations is tolled or equitable estoppel applies.
 
 
 7
 Plaintiffs' arguments that the statute should be subject to equitable tolling fail. First, the plaintiffs' brief states that they were "effectively prevented" from obtaining information regarding Dow Corning's involvement because Vitek was involved in bankruptcy proceedings. However, the plaintiffs provide no clear explanation regarding why Vitek employees were unavailable for the purpose of taking depositions. Bankruptcy provides no special protection from depositions and other discovery for parties in bankruptcy when their testimony is sought in connection with actions that are proceeding against other defendants. The plaintiffs have not shown that Vitek's bankruptcy raised any bar to deposing Vitek employees about facts that might tend to establish the liability of other possible defendants or lead to the discovery of relevant evidence concerning them.
 
 
 8
 Even if Vitek's bankruptcy somehow prevented the plaintiffs from deposing that company's employees, the officers and employees of another of the parties originally identified by the plaintiffs as participants in the design and manufacture of the defective implants, DuPont, were available for depositions. The plaintiffs offer no evidence that they timely deposed or submitted interrogatories to DuPont employees for the purpose of uncovering the involvement of other possible defendants.
 
 
 9
 Because no genuine issues of fact existed, the district court determined, as a matter of law, that plaintiffs' lawsuits were time-barred under Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 245 Cal.Rptr. 658 (1988). We agree. Plaintiffs' reliance on Leaf v. City of San Mateo, 104 Cal.App.3d 398, 163 Cal.Rptr. 711 (1980), instead of Jolly, is misplaced. Leaf involved two wholly separate, independent tortious situations. By contrast, plaintiffs knew as early as 1987 that they had been injured, and they had reason to believe their injuries were caused by their TMJ implants. Plaintiffs simply did not know the identity of Dow.
 
 
 10
 Therefore, plaintiffs fit exactly within the Jolly bar to tolling, to wit: the delayed discovery rule in California tolls the statute of limitations "until the plaintiff is aware of her injury and its negligent cause." Jolly, 44 Cal.3d at 1109. "Nothing stated herein affects the well-established rule that the ignorance of ... the identity of the wrongdoer will not delay the running of the statute." Id., 44 Cal.3d at 1112 n. 8.
 
 
 11
 Additionally, plaintiffs contend that equitable estoppel applies against Dow because plaintiffs were not able to conduct discovery as to Vitek in the other lawsuits due to Vitek's bankruptcy in 1990. However, plaintiffs neither contended, nor offered facts to show that Dow lulled plaintiffs into a false sense of security or engaged in inequitable conduct. Accordingly, tolling the statute of limitations on grounds of equitable estoppel is not applicable. Cuadros v. Superior Court, 6 Cal.App.4th 671, 675, 8 Cal.Rptr.2d 18 (1992).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3